MARC vs. CHURCH OF ST. MARTINS.

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court.

A church-warden is an admissible witness in behalf of the corporation of a church.

This action was instituted by the heir of the late curate of the parish of St Martin, to recover a sum of money alleged to be due to his deceased uncle, for moneys paid and advanced for the use of the church (*Fabrique*) during his life time. Annexed to the petition is an account liquidated by the church-wardens, and signed by them.

The principal defence set up in the answer, is error in the settlement. It is alledged that, according to the tariff established by the Bishop of Louisiana in the year 1795, the curates of the parishes in the diocese had a right to receive a certain sum on each interment made by them, a portion of

West'n Dis'ct
*August* 18 6.

MARC
*vs.*
R. C. CHURCH
OF ST. MAR-
TINS.

which was set apart for the use of the church. That the late curate acted under that tariff, and received a large sum of money to the use of the church, which he failed to pay over, or to account for in the settlement made by them ; and that they were ignorant of the particular provisions contained in the tariff until after the decease of the ancestor of the plaintiff.

There are two bills of exceptions on record taken by the plaintiff, which, as he succeeded in the court below, have not been much relied on in the argument. The decisions excepted to, appear to us correct, and we proceed to examine one on which the defendants have relied as a ground for sending the cause back for a new trial.

On the trial, they offered one of the defendants on record, who was church-warden, as a witness to prove that the settlement was made in error ; and that the late curate had received many sums of money due to the congregation, which were not included in the account rendered. The witness was objected to, on the ground that he was a party to the

suit, and that the law had permitted him to make proof in no other way but by interrogatories on facts and articles.

West'n Dis'ct
*August*, 18:6.

MARC
*vs.*
R. C. CHURCH
OF ST. MAR-
TIN.

The witness offered was a nominal, not a real defendant. The party contesting the demand was the parish of St. Martin, not those whom they had appointed to manage their affairs, and represent them in court. The judgment could not have affected the witness in a greater degree than any other member of the congregation. The reason, then, on which the rule was established fails, and with it the rule itself. The expressions used in the Code, " that there shall be no longer any other mode of making proof of a fact, by either *plaintiff* or *defendant*, but by what is called the " interrogatory on facts and articles," were most probably intended to exclude the decisory oath formerly known to our law. But admitting them to repel testimony in the shape it was presented here; still they leave the question open, nay, compel the court to go into the enquiry, whether the party offered as a witness, be really plaintiff or defendant.

8

West'n Dis'ct
*August* 18 6.

MARC
*vs*
R C CHURCH
OF ST MAR-
TINS.

The interest of the church-warden in this case did not even extend to the costs, and the objection which would formerly have been open to him as a member of the corporation is removed by a special act of the legislature, 3 *Mart. Dig* 482, *no.* 5.

We have held, in the case of *Curtis* vs. *Graham,* that a co-defendant, in an action of trespass, might be swon as a witness. The reasons on which he was held competent, are certainly quite distinct from those which exist he e. But the case shews that we did not consider the mere circumstance of the witness being a defendant on record, prevented him from giving évidence.

It has been contended that the case ought not to be remanded; because the proof offered could not have availed the defendant, as no legal obligation was shewn on the part of the curate, to receive and collect the monies for the use of the church. But the answer expressly alleges that he received moneys on account of the church; and the witness is stated in the bill of exceptions to have been offered to prove that he had so received

them. If this be true, we are not prepared to say, at this stage of the proceedings, that the evidence could not have been of any use to the defendant.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed : And it is further ordered, adjudged, and decreed, that the cause be remanded to the district court, with directions not to reject the witness mentioned in the bill of exceptions, because he is a defendant on record. And it is further ordered, adjudged, and decreed, that the appellee pay the costs of this appeal.

*Simon* & *Br wnson* for the plaintiff, *Bowen* for the defendants.